Brierre & Sons vs. Creditors.

## No. 10,707.

### THEO. BRIERRE & SONS VS. THEIR CREDITORS.

1. · An insolvency involving "a fund to be distributed" exceeding $2000 is a case within the jurisdiction of this court, which can not be divested by the action of the Syndic in filing successive accounts, each distributing a fractional part of the fund, though the particular amount so distributed do not exceed $2000.

2. A person engaged under a contract to make sales of goods dealt in by a firm, in a particular state, with the agreement that he shall receive one-half of the profits and bear one-half of the losses of the business done, is not a *clerk*, nor is his renumeration a *salary*, within the meaning of Art. 3191, Rev. C. C., granting a privilege in favor of " the salaries of clerks, secretaries, and other persons of that kind."

3. The privilege or preference accorded to *deposits* by Art. 3222, Rev. C. C., applies only to the regular deposit as defined and regulated by Title XIII of the Code, and not to sums left on interest in the hands of another.

APPEAL from the Civil District Court, Parish of Orleans.
Voorhies, J.

*Moise & Titche* and *F. C. Zacharie* for Opponent and Appellant:

A travelling salesman paid by a certain portion of the profits realized on his sales is a salaried clerk.

And as such is entitled to the privilege on the bankrupt estate as " clerks, secretaries and other agents of that sort." under R. C. C., Arts. 3214, 3252, 3254. Codes Francais Annotes, Teulet, D'Auvilliers et Sulpicy, page 669, Art. 2102, Nos. 33, 34, 35, 36, 37, 38, 46, 47, 48; Journal du Palais, Tom. 33, p. 256; Ib. Tom. 47, p. 563; 11 R. 139; 5 L. p. 14; 3 An. 428; 7 An. 222; 8 An. 43; 35 An. 75; 4 Barnes & Ald. 663, 670; 1 Story, 371; Trombat Lim. Partn., p. 183, Sec. 241; 7 Chitty's Com. Law, 54; Monte-fiore's Prec. 16; 1 Denis, 341; Harrison's Dig. p. 866; 1 Montagu & McArthur, 194; 4 Deac. & Chit., 520; 2 Mont. & Ayr, 29; 1 Mont. & Bligh, 417.

*L. DePoorter* and *E. D. LeBreton*, for the Syndic, Appellee, cited:

1. R. C. C., 3214, 1930; Weems vs. Delta Moss Co., 33 An. 973; Colley vs. Latourette, 7 An. 222.

2. R. C. C. 2944, 3222, 2920, 2923, 2924, 2940, *et seq.;* Louisiana Savings Bank in Liquidation, 40 An. 515; Matthew, Finlay & Co. vs. Their Creditors, 10 An. 342; Longbottom vs. Babcock, 9 La. 50; Stetson & Co. vs. Gurney, 17 La. 162.

The opinion of the court was delivered by

FENNER, J. The appellee raises an objection to our jurisdiction

*ratione materiæ*, on the ground that the appeal is taken from a judg-ment rendered on a provisional account filed by the syndic which involved only the distribution of a fund of $1021.23.

It is obvious that appellee mistakes the test of our jurisdiction in such matters. The test is not the amount actually distributed under a provisional account, but the amount of the fund to be distributed in the case. The language of the constitution extends our jurisdic-tion "to all cases when the  *  *  *  fund to be distributed  *·  *  * shall exceed two thousand dollars exclusive of interest." If this insolvency involves a fund to be distributed exceeding $2000, it is a case within our jurisdiction, which can not be defeated by the action of the syndic in filing successive accounts, each distributing a frac-tional portion of the whole fund.

On the merits, the sole question presented is whether opponent, E. B. Levy, is entitled to the privilege granted by law to "the sala-ries of clerks, secretaries, and other persons of that kind." Rev. C. C., Art. 3191.

Levy's claim arises under a contract between him and the firm of Bierre & Sons, entered into in 1885, of which the following is a suffi-cient synopsis:

Article 1. Engagement of Levy as travelling salesman for Texas, for three years, from May 1, 1885, to April 30, 1888.

Art. 2. Levy to give his time and attention, and authorized to sell on samples furnished by Brierre & Sons with cost price stated, and his sales to be confirmed unless for sufficient reasons.

Art. 3. Levy to receive one-half of net profits realized, after deduction of expenses. If the business results in loss, Levy to be held for one-half of said loss.

Art. 4. Levy to pay his own expenses and telegrams and brokerage on sales made by local brokers in Texas.

Art. 5. All telegrams necessary and incident to the business re-ceived by Brierre & Sons from local brokers or merchants of Texas, ordering directly to be charged to "Texas business" and to be deducted from profits before net result is declared, and to be charge-able against said "*joint Texas business.*"

Art. 6 and 7 refer to a percentage to be retained from the share of Levy's profits by Brierre & Sons, they paying him 8° per cent. per annum interest thereon.

Art. 8 provides that Brierre & Sons shall supply Levy with full

line of samples, to be offered by Levy to acceptable buyers in Texas at his own expense, he endeavoring in all cases to procure the best obtainable prices and to effect sales for cash whenever possible.

Art. 9 provides for statements of each year's business at the end thereof.

Art. 10. Allows Levy to handle, for his own account, other goods than sugar, molasses and rice.

Art. 11. Extends the operations of Levy to other States, in person or through agencies subject to the approval of T. Brierre & Sons.

It seems that, after a few months, Brierre & Sons failed to comply with their part of the contract, and Levy was compelled to abandon it. In 1887, Levy brought suit against Brierre & Sons, alleging their inexecution of the contract; that, if complied with, he would have earned $5000 a year, and praying for judgment at that rate from July 1, 1885, until May 1, 1888, the term of the contract. He recovered judgment for $4500; and this is the sum for which he claims a privilege.

The contract between Levy and Brierre & Sons is a peculiar one. Whether or not it created the relation of partners between the parties, as to third person at least, need not be here considered.

It is very clear, in our opinion, that under such a contract, he was not such a *salaried clerk* as is contemplated by Art. 3191.

1. He was not a *clerk*. We have heretofore considered this subject and reached the conclusion, not without difficulty, that a travelling salesman, or as the French term it, a *commis-voyageur*, employed on a monthly salary, acting under the orders of his employer, and doing no business on his own account, was a *clerk* and exempt from license-tax under Article 206 of the Constitution. State vs. Chapman, 35 An. 75. A mere reading of the several opinions in that case will show that such an employment as that of Levy would be excluded from the category of "clerks, secretaries or persons of that kind." The business done by him was done as much on his own account as on that of Brierre & Sons. He controlled his own time, and was not subject to orders, being only required to devote his time and attention to the business, but in his own way. His relation to the business was quite as independent as that of Brierre & Sons.

2. The renumeration earned by him was not a *salary*, either in the common understanding of that word or according to the definitions thereof, as given in the standard or legal dictionaries. We have,

heretofore, considered this subject in the case of Weems vs. Delta Moss Co., 33 An. 973, and while not now affirming that decision in so far as it applies to the fixed monthly salary paid to the travelling salesman under the facts in that case; it is clearly correct as applicable to the commissions allowed on the sales, and is more than ample to cover the instant case.

There is a further claim for a privilege as to $250, which had been retained by Brierre & Sons out of Levy's share of profits, under Articles 6 and 7 of the contract, which privilege is claimed on the ground that this was a *deposit* and privileged under Article 3222. A mere reading of the article, in connection with Title XIII of the Code on the subject of deposit, will show that the privilege or preference only applies to the regular deposit, in which a person "receives the property of another, binding himself to return it in kind." Under the contract, Brierre & Sons retained this money and were bound to pay 8 per cent. interest on it. It has no feature of the priviledged deposit. *In re* La. Savings Bank, 40 An. 514; State ex rel. Girardy vs. Bank, 33 An. 957.

Judgment affirmed.