147 So. 692

## STATE v. CHARLES E. WERMUTH CO.

### No. 31891.

March 27, 1933.

M'Caleb & M'Caleb and E. Howard M'Caleb, all of New Orleans, for appellant.

Charles J. Rivet, of New Orleans, for appellee.

O'NIELL, Chief Justice.

The defendant has appealed from a judgment ordering him to pay to the state a license tax for carrying on the business or profession of accountant. Charles E. Wermuth Company is, in reality, Charles E. Wermuth, carrying on the business or profession in the name of Charles E. Wermuth Company. According to the provisions of Act No. 125 of 1908, p. 182, he is "styled and known as a certified public accountant," having received from the Louisiana State Board of Accountants "a certificate of his qualifications to practice as an expert public accountant." The license tax, however, is claimed of him merely as an accountant.

The tax is claimed under the clause in section 25 of Act No. 205 of 1924, as amended and re-enacted by section 3 of Act No. 241 of 1928, purporting to embrace every "professional occupation," except printers, lithographers, publishers and editors, viz.: "That every individual, firm, association or corporation, carrying on the business or profession of physician, osteopath, dentist, oculist, attorney at law, electrical engineer, civil engineer, mechanical engineer, engraver, photographer, decorator, architect, jeweler, *or any other professional occupation*, shall be graded according to the classification named above, but the license for the various professions included in this paragraph shall be one-half of those established by the foregoing provisions of this section; provided that no license shall be issued hereunder for less than five dollars ($5.00)." [The italics are ours.]

"*Provided that Printers, Lithographers, Publishers and Editors shall be exempted from any provisions of this Act.*" (The italics are ours.)

The appellant contends, first, that his profession or occupation is that of a clerk, and that he is therefore exempt from license taxation by the exception made in section 8 of article 10 of the Constitution of 1921; and, second, that, under the rule of ejusdem generis, the occupation of an accountant is not included in the general expression "or any other professional occupation."

Section 8 of article 10 of the Constitution makes an exception of clerks, and of those engaged in several other specified occupations, in authorizing the Legislature to levy license taxes on those who carry on any trade, business, occupation, vocation, or profession. But we are quite certain that the writers of the Constitution did not intend that the word "clerks" should include public accountants carrying on the business or profession on their own responsibility, and not working under the supervision or direction of an employer. Charles E. Wermuth, in his answer to this suit, alleged that he was engaged in a *professional occupation*, i. e., as an *accountant;* that, as such, he was employed under contract *by various persons* to render unto them accounting, bookkeeping, and auditing services, and that he had received, *as compensation or fees* for his *professional services*, more than $12,000, but less than $16,000, in 1929, and more than $16,000, but less than $20,000, in 1930, as alleged in the state's petition. A business of that character is not considered the occupation of a clerk, in the sense in which the word "clerk" is used in section 8 of article 10 of the Con-

stitution. An essential element of the definition of a "clerk," as the word is generally used and understood, is that the person employed as a clerk is subject to the orders and control of his employer. There is the same difference, in that respect, between the occupation or employment of a clerk and the business or profession of a public accountant as there is between the occupation or employment of a servant and that of an independent contractor. Theo. Brierre & Sons v. Their Creditors, 43 La. Ann. 423, 9 So. 640.

This is not a case for the application of the doctrine of ejusdem generis. It is true that the occupation of a public accountant, or an accountant, is not mentioned, eo nomine, in section 25 of Act No. 205 of 1924, as amended by section 3 of Act No. 241 of 1928, levying a license tax upon professional occupations; but, of the several professional occupations that are enumerated, some are as different from each other as the occupation of an accountant is different from any of them. Hence there is no reason for construing the omnibus term, "or any other professional occupation," as meaning only professional occupations "of the same kind" as those enumerated. In fact it is not possible to construe the expression "or any other professional occupation" as meaning only any other occupation of the same kind as the occupations enumerated, when the occupations enumerated include several divers and diverse occupations. Besides, the statute contains a proviso that printers, lithographers, publishers, and editors shall be exempt from the license tax levied upon other professional occupations; and the courts have no authority to add to the list of exempted occupations

that of an accountant, or any other professional occupation.

The judgment is affirmed.