Succession of Bodenheimer.

## No. 110.

### SUCCESSION OF L. BODENHEIMER.
### ON OPPOSITION TO FINAL ACCOUNT.

An executor residing out of the State, and who, coming here, represents himself as a resident and is recognized by the court as executor and as entitled to act as such, cannot claim that he was recognized as a domiciled executor and is exempt from bond, where he does not clearly establish that at the time he had changed his domicile.

Non-resident executors are not requested to take an oath, having already been sworn. The taking of an oath as executor here is a superfluity, and does not qualify them. The giving of the bond alone does.

Where there are two executors, and one qualifies and the other does not, the entire commission accrues to the one who has qualified. 25 An. 320, affirmed.

APPEAL from the First District Court, Parish of Caddo. *Taylor, J.*

*Land & Land* for the Executor, Appellant.

*Alexander & Blanchard* for Opponent and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The residuary legatee of the deceased opposes the account presented in this succession, in so far as it allows to S. Levy, Jr., as executor, the sum of $1,541.83, as his commission at 2½ per cent. on the amount of the inventory.

The opponent claims that the pretensions of Levy cannot extend to more than one-half of that commission, for the reason that his co-executor, Filer, having *qualified* as such, became entitled to the second half, but having subsequently been removed, forfeited his right thereto, the forfeiture enuring to the benefit, not of the co-executor who had qualified, but of the succession.

The item had also been opposed by Filer, who claimed half of it.

The District Court held that Filer was not entitled to that half, that Levy had no right to it and consequently that it accrued to the succession.

The facts are: that L. Bodenheimer, who was domiciled in Shreveport, died in New York, leaving a will made there, whereby he appoints as his executors, Levy, his partner, who was domiciled in Shreveport, and Filer, his nephew, who was domiciled in New York.

Filer came to Shreveport and there presented a petition to the District Court, representing himself as a *resident* of Caddo Parish, and, after proper allegations, touching the death and domicile of L. Bodenheimer, the property belonging to him, the will probated in New York, his appointment as executor, and after submission, as part of his petition, of all the proceedings had in New York on the subject, he prayed

for the registry and execution of the will and for his recognition as executor thereof.

The court made an order, part of which is to the effect that Filer be recognized as executor and entitled to act as such.

Filer then took an oath for the discharge of the duties imposed on executors.

On discovery of those proceedings, Levy, the co-executor, charged that the order had been produced by fraudulent representations, that Filer was a non-resident, and that the order should be annulled, and that if not rescinded, Filer should be required to give bond.

Filer answered by a general denial, specially averring that at the date of his petition he was a *bona fide resident* of Caddo Parish, and that he was duly *qualified* as executor.

After hearing considerable testimony on the question of residence, and other evidence, the District Judge reached the conclusion that, at the date of the petition, Filer had not ceased to have his domicile in New York, that the order should not however be annulled, but required Filer to furnish bond as a non-resident executor, within thirty (30) days. This judgment was never appealed from and must be taken as correctly rendered. Filer failed to furnish the bond.

It is admitted in opponent's brief that " hence, at the end of the delay given him, April 10th, 1883, he ceased to be executor."

There can be no doubt that the order which recognized him as executor, and entitled him to act as such, was proper and valid, even on the face of the petition, in which he declared himself to be a *resident* of Shreveport. That petition was accompanied by proceedings from which it appears that he was domiciled in New York. The fact of a *residence* does not imply that of a *domicile*. 34 An. 911.

Therefore, when the District Judge made the order, he recognized Filer as a *non-resident* executor and authorized him to act as such, but only on complying with legal exigencies.

What were those legal exigencies?

In such cases the law does not require that a non-resident executor should take an oath, because already sworn. 1 R. 263, Succession of Wedderburg ; also, 12 An. 329. It merely subjects him to the giving of a bond. 7 An. 742; 12 An. 399.

Hence, the oath which Filer took was a superfluity, and did not qualify him. The giving of the bond was what would have qualified him. In that essential compliance he failed.

The judgment of the Court in the suit of Levy, to annul the order of appointment, or require a bond of Filer, is merely explanatory of the order, and is one and the same with it.

It therefore follows, that Filer never qualified as executor and that he never was entitled to a commission.

The remaining question is, simply, whether the half of the commission to which Filer would have been entitled (over and above the legacy made to him by the testator, with mention that it was to be *in super*) accrues to the co-executor, Levy, or to the succession.

The question admits of no doubt. It is correctly settled by the ruling in Hall vs. Salter, 25 An. 320, in which the Court distinctly held, that when there are two executors to a will, and one qualifies, while the other does not, the latter is presumed to have renounced the trust, and the former is entitled to the entire commissions.

In the Succession of Edwards, 34 An. 222, this Court held, that as one of the executors was a legatee, without express title to the commission, over and above, the other executor was not entitled to more than half of the commission. The reason for that conclusion is obvious: that the executor, who was a legatee, was considered as paid by the bequest, in the absence of option on his part between the same and the commission, before qualifying. Where, then, a co-executor has been paid his commission, how could his co-official claim title to a full commission of 2½ per cent. on the amount of the inventory? We fail to perceive.

It is, therefore, ordered and decreed that the judgment of the lower court be avoided and reversed, and it is now ordered and decreed that the opposition of Isaac Bodenheimer to the whole commission of S. Levy, Jr., as executor of the will of the deceased, as stated in the account, $1,541.83, be rejected, and that said Levy be recognized as entitled to the whole of said commission, opponent to pay costs in both Courts.