On Motion to Dismiss Appeal.
The opinion of the court was delivered by
Watkins, J.
The ground of the motion is, that the amount demanded is less than two thousand dollars, and that this court has no appellate jurisdiction ratione materise — there being no question involved of the legality or constitutionality of a tax.
The ease comes to us by an appeal on the part of the State Tax Collector from a judgment rejecting his demand against the Southern Liquor and Tobacco Company, Limited, in liquidation, for the payment of the sum of forty-three dollars and eighty-six cents, as the amount is due for the State taxes of 1895; and the record shows that this demand was brought to the attention of the court by means of an opposition to the final account, which had been prepared and *1456 previously filed by the receiver of the liquor and tobacco company in liquidation — thus clearly evidencing the fact to be that it was the amount and not the legality or constitutionality of the tax which was involved.
The contention on behalf of the counsel for the appellee is as follows, viz.:
“The appeal is from the judgment dismissing an opposition of the State Tax Collector, claiming to be paid from certain funds in the hands of the receiver by preference over and above all other creditors, said sum of forty-three dollars and eighty-six cents. The receiver filed his final account, which was advertised according to law, and, in due course and after the legal delays, homologated so far as not opposed; the only opposition was that of the State Tax Collector, the present appellant; this opposition was then tried and judgment rendered dismissing it, and from that judgment the appeal was taken: there is no appeal from the judgment homologating the account so far as not opposed; and therefore, under repeatsd decisions of this court, everything embraced in the account and covered by that judgment is out of the case, leaving nothing undisposed of, except this claim for forty-three dollars and eighty cents. In the Succession of Duran, 34 An. 585, the court said:
“Where there was a judgment in the lower court homologating an account of administration, so far as not opposed, which judgment had become final, and where the only opposition to the account was a claim for two hundred and thirty-seven dollars and sixty cents for drainage taxes, this court has no jurisdiction to determine the merits of the controversy, because the amount to be distributed is no longer appealable.” See also Succession of McDowell, 35 An. 1025, and Succession of Gohs, 37 An. 428.
The opinion first cited is precisely like the one at the bar, and the syllabus quoted by counsel fairly states the issues therein involved.
There is no concursas presented, and, consequently, no fund marshaled before the court for the purpose of making a distribution thereof among rival contestants thereto, as contemplated by Art. 81 of the Oonstitution.
The three cases are perfectly in accord.
Counsel for the tax collector in his original brief states that “ the issue involved in this ease is the right of the State Tax Collector of the First District to be paid by preference the amount of State taxes, *1457 forty-three dollars and eighty-six cents with interest, costs and penalties, due by the insolvent corporation for the personal taxes of the year 1895.”
The record shows that the receiver filed his first provisional account and tableau of distribution on the 25th of October, 1895, and same was homologated by a judgment rendered on the 10th of February, 1896, and that on the 16th of February, 1896, he filed his final account, to which the only opponent was the appellant tax collector.
■Tne judgment pronounced is in the following terms, to-wit:
“ This case is the opposition of the State Tax Oollector of . the First District of the city of New Orleans to the final account of the receiver herein, having been submitted to the court, and the court considering the law and the evidence to be in favor of the receiver, and for the reasons orally assigned, it is ordered, adjudged and decreed that there be judgment dismissing said opposition. It is further ordered and decreed that the final account of the receiver herein be approved, and the funds distributed accordingly.”
The judgment, as well as the pleadings, shows that there, is no concursus before us, and that the demand is not within our jurisdiction.
Appeal dismissed.
Nicholls, C. J., absent; ill.