Kaufman vs. Sheriff et als.

No. 14,090.

Louis Kaufman, Agent, vs. C. T. Cade, Sheriff, et als.

## SYLLABUS.

Plaintiff claimed $2,500 as the value of certain property belonging to his principal and seized under an execution against another person. He also claimed various items, in the way of damages, aggregating $775. On the day upon which the suit was filed the property in question was surrendered to him and he took possession of it without condition or reservation.

The amount left in dispute being but $775, this court is without jurisdiction, and the appeal is dismissed.

APPEAL from the Nineteenth Judicial District, Parish of Iberia.—
Weeks, Judge, ad hoc.

*Andrew Thorpe* and *Thomas H. Thorpe,* for Plaintiff and Appellee.

*Walter J. Burke & Bro.,* for Defendant, Appellant.

The opinion of the court was delivered by

Monroe, J. Certain steel rails, splices and spikes, belonging to Joseph Kaufman, and lying upon the banks of Bayou Teche, in the Parish of Iberia, were seized by the sheriff of the parish, February 14, 1900, under a writ of execution issued against James F. Martin. Upon the 19th of the same month, Louis Kaufman, agent for Joseph Kaufman, claimed the property for his principal, and this was followed some days later by a written communication addressed to the sheriff by counsel representing Louis Kaufman, agent, demanding $1,882.30 as the value of the property seized, and notifying the sheriff that, in default of payment, legal proceedings would be instituted. The sheriff in the meanwhile called several times on the seizing creditor for a bond of indemnity, but without success, and upon March 3rd this suit was filed. The plaintiff claims $2,500 as the value of the property, $250 on account of certain expenses alleged to have been incurred in preparing same for shipment; $250 as the anticipated profit on a sale which is said to have been defeated by the seizure, and $275 as the fee of his attorney for the institution of the suit. Upon the same day that the suit was filed the seizure was released and the property, which had not been removed from the place where the sheriff found it, was restored to the plaintiff, who, shortly thereafter, sold it and delivered

it to the purchaser. A month later citation in this suit was served; the sheriff answered; the case was tried, and plaintiff's demand was rejected at his cost.

And from the judgment so rendered he has appealed. It is evident that, after deducting the $2,500 represented by the property which the plaintiff has accepted, without condition, so far as we are informed, the amount left in dispute is not within the appellate jurisdiction of this court.

Succession of Foster, 51 Ann. 1680; Zacharie vs. Lyons, 22 Ann. 218; Stubbs vs. McGuire, 33 Ann. 1069.

The appeal is therefore dismissed.

BREAUX, J., takes no part.