LAND, J.
The receiver filed an annual account of his gestión up to June 1, 1903, and prayed that, after due notices, the same be approved and homologated; that he be authorized to apply such portion of the funds as might be needed to the payment of law charges due; and that he be also authorized to call upon each and every stock subscription debtor for the unpaid balance due by him upon each unpaid share of stock to the extent of $65 per share, and to enforce payment thereof by suit.
This account showed total assets, $8,887.-03; acknowledged liabilities, $19,449.02; contingent and disputed liabilities, $6,616.24; and a resulting deficit of $17,178.13, to be covered by the calls on 558 shares of stock at 65 per cent, per share, which, if paid, would produce approximately $18,944.92.
This account was homologated by judgment of the court of date June 23, 1903, which also authorized calls on and suits against stock subscribers as prayed for by the receiver.
On February 23, 1904, George Simon presented his petition to the court for a devolutive appeal from said judgment of homologation. He alleged in his petition that he had been sued as a shareholder for the sum of $250, and set forth therein his grounds of complaint against said judgment of .homologation. The appeal was granted as prayed for.
Motion to Dismiss.
Appellee has moved to dismiss the appeal on the grounds, first, want of jurisdiction in this court, ratione materise, it appearing that appellant’s material interest does not exceed the sum of $250; and, secondly, because the order of appeal is null and void, being in contravention of section 10 of Act No. 159, p. 315, of 1898.
The account filed was an annual account. It showed that the receiver had collected $2,462.02, and paid out $1,067.10, leaving in his hands cash amounting to $1,394.92, and he asked authority to pay out of this balance law charges then due. It further showed total assets collected and to be collected amounting to $8,886.28, and total liabilities estimated at $26,065.67, including contingent liabilities, $4,344.24, and disputed claim, $2,-272. On the basis of acknowledged liabilities, there was a deficit of $10,562.74.
Act No. 159, p. 314, of 1898, § 4, declares that the “value of the property confided to the receiver shall determine the jurisdiction of the appellate court” in case of appeals from orders appointing or refusing to appoint receivers.
This court has jurisdiction where “the fund to be distributed, whatever may be the amount therein claimed, shall exceed two thousand dollars.” Const. 1898, art. 85.
In cases of insolvency, the test is not the amount actually distributed under a provisional account, but the amount of the fund to be distributed in the case. Brierre & Sons v. Their Creditors, 43 La. Ann. 423, 9 South. 640. The account in question shows that this fund exceeds $8,000.
There is no force in the contention that the only matter in dispute is the balance due by appellant on his subscription. This is but an incidental question.
Section 8, Act 159, p. 315, of 1898, requiring the clerk to enter in the order book notice of the filing of every petition, motion, etc.-, in the receivership, has no application to appeals. The object of the statute is to enable parties in interest to opi>ose the granting' of orders applied for by the receiver or other persons.
The motion to dismiss is overruled,