(82 South. 883)

No. 23377.

Succession of VON PHUL.

Opposition of FELDNER.

(June 14, 1919. Rehearing Denied Oct. 14, 1919.)

(Syllabus by Editorial Staff.)

1. COURTS ⊚=224(11)—COURT OF APPEAL HAS JURISDICTION WHERE AMOUNT OF INVENTORY EXCEEDS $2,000.

Though the amount of the inventory in a succession proceeding exceeds $2,000, the Court of Appeal has jurisdiction of an opposition involving merely the questions whether opponent is entitled to be placed on the account as a creditor for $900, and should be charged in favor of the succession with the sum of $750.

2. EXECUTORS AND ADMINISTRATORS ⊚=364— SUCCESSION—SALE OF DRUG BUSINESS AND RIGHT TO OCCUPY STORE SUBJECT TO LEASE.

Sale by auctioneer, in the settlement of decedent's estate, of his drug business and the right of occupancy of the store for the balance of the term of his lease, held subject to, and not free from, the payment of the rent reserved in the lease.

In the matter of the succession of Frank A. Von Phul, Mrs. M. E. Feldner, opponent of the final account of the administratrix, applies to the Supreme Court for writs of certiorari and review to the Court of Appeal, Parish of Orleans. Judgment affirmed.

Prowell & Prowell, of New Orleans, for relator.

Borah, Himel, Bloch & Borah, of New Orleans, for administratrix.

DAWKINS, J. In this case Mrs. M. E. Feldner applies to this court for writs of certiorari and review to the Court of Appeal for the Parish of Orleans, upon the grounds:

(1) That said court is without jurisdiction, ratione materiæ, to decide and determine said cause; and

(2) That if it has such jurisdiction, the judgment and decree rendered therein are contrary to the law and jurisprudence of this court.

Opinion.

[1] The basis of the contention that the Court of Appeal is without jurisdiction is that the amount of the inventory in the succession proceedings exceeds $2,000, and, since the applicant opposed the entire account, the accounting for all property shown on the inventory is called in question, and necessitates a review of the whole matter, including the disposition made of the assets by the administratrix, which embraced certain real estate. However, the record shows that the real property was all sold under foreclosure process by persons holding mortgages thereon, and did not realize enough to pay the said mortgage indebtedness, thereby effectually eliminating those items from the assets of the estate. Besides, a provisional account had been filed in said succession proceedings, showing the disposition made of succession property

up to that time, no opposition was filed on the score now complained of, and the matter has to that extent become final, especially since the opposition now under consideration did not allege or suggest that said real estate had not been properly disposed of and accounted for, but was merely a general opposition to the account. The specific objections made in the opposition were the alleged failure to schedule the opponent for a proper amount as a privileged creditor and the placing of her thereon as a debtor to the estate for the sum of $750. The final account shows a total for distribution of $857.87, including the item of $750 claimed to be due by the opponent, as the purchase price of certain succession property, and was therefore far below the appellate jurisdiction of this court. Const. 1898, art. 85.

The only matter in controversy herein is, first, as to whether or not opponent is entitled to be placed on said account as a creditor for the sum of $900, with a privilege on the proceeds of certain property in the sum of $600 of that amount; and, second, whether she should be charged, in favor of the succession, with the sum of $750 as the price of her bid for said property.

We therefore think that the Court of Appeal was clearly within the law in exercising jurisdiction of said cause.

### On the Merits.

[2] The other issues involved are purely of fact—that is, as to whether, at the sale by the auctioneer of the drug business and right of occupancy of the building in which it had been carried on, the purchaser thereof (the opponent and applicant here), who was also the lessor of the building, bought subject to the obligation to pay the subsequently accruing rent, or acquired the right of occupancy for the full unexpired term, without the obligation to pay the rent thereafter to become due, as between herself and the succession. In the first case, she would owe the estate the amount of her bid, less the rent which had accrued at the date of the sale, and would have to pay to herself the rent thereafter, which obligation would be extinguished by confusion. If the second condition were established by the facts, she would have the right, just as any third person, to occupy the premises for the unexpired portion of the lease as a consideration for the price which she paid therefor at the sale, and as a creditor, with a lessor's privilege upon the contents of the building, would have the right to credit upon the rent notes or obligation (for a period of one year from the death of the lessee—Act No. 128, 1894) the price of the contents of the building, but not the price of the right of occupancy.

The record shows that the administratrix applied to the court below to sell the contents of the drug store, together with the right of occupancy, in globo and as a going concern, under the theory that a better price could be had therefor, and on the further allegation that the lease had several months to run at $50 per month. The court ordered the property mentioned sold as prayed for, and in the advertisement of the sale, signed by the auctioneers and attorneys for the administratrix, after describing the contents of the building somewhat in detail, there followed these words:

"And the right of occupancy on the premises *at $50 per month*, expiring September 30, 1917."

The certificate or procès verbal of the auctioneers also described the things sold as follows:

"The entire contents of the drug store, No. 3120 Canal street, occupied by the deceased, F. A. Von Phul, and the right of occupancy of the premises expiring September 30, 1917, *at fifty dollars per month, said purchaser buying the drug store to assume the rental at fifty dollars per month until the expiration of the lease.*"

The testimony in the record also shows that the auctioneer announced at the time of crying the property that the purchaser would acquire the same with the right of oc-

cupancy of the building, subject to the payment of the subsequently accruing rent.

The applicant contends that of the total price paid, $750, about $300 was for the stock of goods and $450 for the right of occupancy. Since the lease had some 16 months to run at the date of the sale, if this contention be true, she acquired the use of the premises for about one-half the price which the succession was bound to pay the lessor (herself), or at the rate of about $25 per month. There is nothing to show that the lease could not have been assigned to some one who would have been willing to pay at least the rental which the succession was to pay, and it hardly seems probable that a sale so foolish would have been made, even if the evidence did not preponderate so strongly against such a contention.

For the reasons assigned, the judgment of the Court of Appeal is affirmed, at the cost of the applicant.