DAWKINS, J.
Appellee, Leo Pellman, opponent of the final account of the executrix of the above succession, has moved the dismissal of this appeal, on the ground that this *643 court is without jurisdiction ratione materise to determine the issues of the case.
The executrix filed her final account, showing assets of $126,730.21, and liabilities of $17,631.25. Eellman opposed said account for the reason that he had not been recognized thereon for the sum of $457.50, claimed as commissions for services. rendered as a real estate agent. He did not oppose the account otherwise, but merely prayed that there be judgment in his favor for the sum claimed, and the opposition to that extent be sustained. Thereupon the executrix moved the approval and homologation of the account, so far as not opposed, and there being no other opposition, there was judgment approving the account accordingly, and ordering the payment of all other claims. Thereafter, on March 18, 1920, the widow (executrix) and heirs applied to be recognized and sent into possession of the estate and to have the executrix discharged, and on March 20th a judgment was signed, recognizing and placing them in possession, and discharging the executrix. On April 6th there was a separate judgment in favor of the opponent for the amount claimed.
The widow, as executrix, and individually joined by the heirs, prosecute this appeal.
As above indicated, the succession was solvent by more than $100,000, and the widow and heirs have accepted the same unconditionally. The account has been approved, the debts, with the exception of the claim of opponent, have been ordered paid, and the executrix discharged. These judgments were rendered prior to the determination of the opposition, and no appeal has been taken therefrom, for the very good reason that they were in favor of the widow and heirs, and in compliance with their demands; but the present appeal was prosecuted solely from the separate judgment on the opposition.
In these circumstances, there is nothing in dispute save the correctness and validity of the opponent’s claim, and the appeal, therefore, does not present a matter cognizable by this court, the sum involved being far below its minimum jurisdiction of $2,000. Const. art. 85; In re Petit & Boh Co., 128 La. 164, 54 South. 705; Kaufman v. Cade, 107 La. 144, 31 South. 626; Succession of Gohs, 37 La. Ann. 429; Succession of McDowell, 35 La. Ann. 1035; Succession of Duran, 34 La. Ann. 585.
It is suggested by the appellee that the Act No. 19 of 1912 permits, but does not compel, us to transfer the case to the Court of Appeal, and that it should therefore be dismissed. We are not impressed that the circumstances of the present case warrant this drastic action on our part, and think it proper that the appellants should be permitted to have the matter passed upon by the tribunal vested by law with jurisdiction to determine it.
For the reasons assigned, this case is hereby transferred to the Court of Appeal for the Parish of Orleans; appellants to pay the costs of this court, and all other costs to await final judgment.