(87 South. 714)

No. 24415.

## Succession of KYLE v. PECOT, Sheriff and Tax Collector.

(Feb. 28, 1921.)

*(Syllabus by Editorial Staff.)*

Courts ⬯224(11)—Amount in dispute on contest of income tax below jurisdiction of Supreme Court.

On petition by a decedent's succession against the sheriff and tax collector, wherein the tax collector denied in general terms the alleged value of the estate, and averred deceased had donated to her three children $60,000 to evade inheritance tax, contrary to Act No. 109, of 1906 and Act No. 51 of 1918, the amount of the tax on such $60,000 being two per cent., or $1,200, which was deposited in court by the heirs pending the tax collector's appeal, together with $600 to cover the fees of the attorney for the tax collector, the maximum amount in dispute was $1,800, a sum below the minimum jurisdiction of the Supreme Court on appeal under Const. art. 85.

Appeal from Twenty-Third Judicial District Court, Parish of St. Mary; Percy Saint, Judge.

Petition by the Succession of Mrs. A. B. Kyle against Chas. Pecot, Sheriff and Tax Collector, resulting in judgment for petitioner, and defendant Sheriff and Tax Collector appeals. On motion to dismiss. Case ordered transferred to the Court of Appeal.

L. O. Pecot, of Franklin, for appellant.

Foster & Boatner and W. Prescott Foster, all of Franklin, for appellee.

DAWKINS, J. The heirs of Mrs. Angeline Bonino Kyle, deceased, filed their petition below, alleging that the assets of the succession of their said mother amounted to $328,-933.69, and praying that the inheritance tax be fixed and that they be sent into possession; said proceeding being contradictorily with the sheriff and tax collector of St. Mary parish.

The tax collector denied in general terms the alleged value of the estate, and averred that on the 4th day of January, 1920, preceding her death on January 17th, the deceased had donated to her three children the sum of $20,000 each, or a total of $60,000, and that this amount should be added to the inventory, and the inheritance tax paid thereon, for the reason that the donations had been made to evade the tax, contrary to Acts Nos. 109 of 1906 and 51 of 1918.

The lower court rejected the contention of the tax collector, and fixed the amount of

the inheritance tax on all the property at $6,400.59, instead of $7,600.59, as contended for by defendant. After the judgment was rendered, counsel for both sides signed an agreement whereby the heirs were permitted to pay the amount of tax fixed by the lower court and to go into possession of the estate the sum of $1,200, being 2 per cent. on the said $60,000, was deposited in bank to await decision of this appeal, and an additional sum of $600 was deposited to cover fees of attorney for the tax collector, if it should be found that the heirs are not entitled to an exemption of $10,000 each.

Hence the maximum amount in dispute or contest in this case is $1,800, a sum below the minimum jurisdiction of this court. Const. art. 85. There is no question of the constitutionality or legality of the tax, but purely an issue as to whether it is due upon particular funds or property.

For the reasons assigned, it is ordered and decreed that this case be transferred to the Court of Appeal for the First Circuit; appellant to pay the costs of this court, and all other costs to await final judgment.