(101 South. 217)

No. 24572.

## Succession of BRAUGHN.

(June 27, 1924.)

*(Syllabus by Editorial Staff.)*

**Courts** ⊜⇒224(10)—**Supreme Court without jurisdiction of appeal in contest involving $301.87.**

Supreme Court had no jurisdiction of an appeal in proceeding to recover from bidder at auction sale of succession property interest on amount of bid from date of adjudication to day when formal title passed, where amount of interest would be exactly $301.87, and an appeal should be flatly dismissed, but may be transferred to Court of Appeals, where parties consent.

Appeal from Civil District Court, Parish of Orleans; H. C. Cage, Judge.

In the matter of the estate of Mrs. Marie Emma Braughn, deceased. Rule against Alexander Lichtentag to recover from bidder at auction sale interest on bid. From an adverse decree the bidder appeals. Case transferred on condition.

Meyer S. Dreifus and Harry S. Levy, both of New Orleans, for appellant.

W. O. Hart, M. J. Taylor, and D. H. Theard, all of New Orleans, for appellees.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

ST. PAUL, J. This was a rule to recover from a certain bidder at a certain auction sale of succession property interest on the amount of his bid from the date of adjudication to the day when formal title to the property was passed.

As the amount of the bid was $22,500, the rate of interest 7 per cent., and the delay just 69 days (August 5, 1920, to October 13, 1920), it follows that the "amount in dispute" is exactly $301.87; that is to say, just $1,-698.13 less than the minimum jurisdiction of this court ($2,000 plus). Hence we are at a loss to understand why the appeal was taken to this court. •

The appeal should be flatly dismissed; but, since counsel for the appellees "withdraws his request for the dismissal of the appeal, and * * * makes no objection to it being transferred," we consent to send the case to the Court of Appeal.

Decree.

It is therefore ordered that this appeal be transferred to the Court of Appeal for the parish of Orleans, provided that the record be lodged in said court within 15 days after this decree becomes final, otherwise the appeal to stand dismissed. The costs of this court to be borne by appellant, and all other costs to await final judgment.