(120 So. 586)

No. 29254.

## MERCHANTS' & FARMERS' BANK & TRUST CO. v. HAMMOND MOTORS CO., Inc.

·Feb. 11, 1929.

M. T. Hewes, of New Roads, and Rownd & Warner, of Hammond, for appellants state bank commissioner and others.

Miller & Heintz, of Covington, for First State Bank & Trust Co.

A. Sidney Burns, of Ponchatoula, for appellee.

ROGERS, J. The Merchants' & Farmers' Bank & Trust Company, receiver of the Hammond Motors Company, Inc., filed its final account on December 22, 1927. After listing the privilege debts, the accountant showed a balance of $11,115.01 for distribution among the ordinary creditors holding claims amounting to $37,592.93, thus disclosing the defendant corporation to be insolvent. Among the ordinary debts listed and acknowledged was $4,900 (on which the dividend was $1,448.44) due the Pointe Coupee Trust & Savings Bank. Several oppositions were filed to the account; three of the opponents opposing generally all the items thereon. On the trial of these oppositions, the court below ordered the debt of the Pointe Coupee Trust & Savings Bank stricken from the account, as not having been proven. The present devolutive appeal is from the judgment by the Pointe Coupee Trust & Savings Bank, in liquidation,·through J. S. Brock, state bank commissioner, and Ernest Morgan, its liquidator.

Opponents do not oppose specifically appellant's debt; their opposition thereto merely arises under the general clause in their respective oppositions indicating objection to the whole account.

The receiver acknowledged under oath appellant's claim in its list of ordinary debts; therefore, quoad the receiver, the claim did not require other proof. On the trial of the oppositions, the receiver's cashier and representative testified that, to the best of his knowledge, the account which was offered in evidence, was correct, and, in answer to a direct question, that the books of the defendant corporation showed an indebtedness to the appellant of $4,900. This evidence, which was received without objection, we think, made prima facie showing of the correctness of appellant's claim. No countervailing testimony was offered by the opponents; hence this prima facie showing, on oppositions which were general and not specific, was sufficient proof of the debt due the appellant.

The court below erred, therefore, in striking that item from the receiver's account.

For the reasons assigned, the judgment appealed from is amended so as to recognize the Pointe Coupee Trust & Savings Bank, in liquidation as an ordinary creditor of the Hammond Motors Company, Inc., in the sum of $4,900, and, as such, entitled to its pro rata of the amount of $11,115.01 mentioned on the receiver's account for distribution among the ordinary creditors of the defendant corporation, which amount the receiver of the Hammond Motors Company, Inc., is hereby ordered to pay to the liquidator of the Pointe Coupee Trust & Savings Bank; all costs of these proceedings to be paid by the receivership.

THOMPSON, J., takes no part.