(122 So. 869)

No. 29464.

MERCHANTS' & FARMERS' BANK & TRUST CO. v. HAMMOND MOTORS CO., Inc. (LIVINGSTON BANK et al., Interveners).

May 20, 1929.

Rownd & Warner, of Hammond, and M. T. Hewes, of New Roads, for appellant Livingston Bank.

A. S. Burns, of Ponchatoula, for appellee Merchants' & Farmers' Bank.

ST. PAUL, J. This appeal is in all respects the same as that which appears under the same name in 167 La. 889, 120 So. 586 (our No. 29254, decided February 11, 1929), except that the appeal there taken was by the Pointe Coupee Trust & Savings Bank, whilst the present appeal is taken by Livingston Bank

in its own behalf and as assignee of the Bank of Albany, whose claims for $1,900 and $1,100, respectively, though acknowledged by the receiver of the Hammond Motors Company and placed on his final account, were rejected by the lower court, as being insufficiently proved.

These two claims, as well as that of the Pointe Coupee Trust & Savings Bank, were not specifically opposed; the objection thereto being only by some general opposition to the whole account.

The proof of the two claims was the same as that made on behalf of the claim of the Pointe Coupee Trust & Savings Bank. They were acknowledged by the receiver and appeared on the books of the defunct corporation. The cashier and representative of the receiver testified that to the best of his knowledge and belief they were correct and due. Under the circumstances, and without any evidence being adduced to cast any doubt on the correctness thereof, we think the claims were sufficiently proved. Cf. C. P. art. 985; Reynauds' Heirs v. Peytavin's Ex'rs, 13 La. 121; In re New Iberia Cotton Mills Co., 113 La. 404, 37 So. 8.

The judgment appealed from is therefore reversed, and it is now ordered that the claims of the Livingston Bank for $1,900, and of the Bank of Albany (Livingston Bank, assignee) for $1,100, be now recognized and restored to the final account of the receiver herein, and that they be recognized as ordinary creditors for said amounts and as such entitled to their pro rata share of the amount $11,115.01 mentioned on the receiver's account for distribution among the ordinary creditors of the defendant corporation; all costs of these proceedings to be paid by the receivership.

O'NIELL, C. J., absent, takes no part.