On the Merits.
 

 ST. PAUL, J.
 

 This involves a series of appeals, all taken in the same proceeding. In passing upon the motion to dismiss the same we summarized the substance of said appeals as follows:
 

 “The first áppeal is from a judgment dismissing the appellant’s opposition to the appellee’s [receiver’s] petition for the sale of the company’s property. The second appeal is from a judgment dismissing a rule taken by appellants for the rescission of the adjudication made under the order of sale.The third appeal is from a judgment dis
 
 *362
 
 missing the appellants’ opposition to the application of the appellee [receiver] for the approval and confirmation of the sale' in question; and the fourth appeal is from a judgment dismissing appellants’ oppositions to the Final- Account of the appellee, under which he proposes to distribute the proceeds arising from the sale of the company’s property.
 

 “From this recital of the subject matter of the appeals it is plain that they all tend to one result, the determination of the validity of the sale by the receiver of the company’s property and the correctness of his proposed distribution of the proceeds of that sale.”
 

 I.
 

 As to the sale of the company’s property by the receiver, that appears to us to have passed out of the case. The property has been delivered to the purchaser, the price has been received and partly distributed by the receiver, and the proceeds of sale are now being claimed by the appellants. The sale is therefore an accomplished fact which it would be impractical to disturb at this stage without manifest injury to the interests of all concerned.
 

 II.
 

 As to the proposed distribution of the proceeds of sale, the first complaint of the appellants is that the receiver has not proved his account. But he and his bookkeeper swore to the correctness thereof; and that suffices where there is no evidence to the contrary and the opposition to the account is general in its terms. Merchants’ & Farmers’ Bank & Trust Co. v. Hammond Motors Co., 168 La. 616, 122 So. 869.
 

 The opposition of J. C. Copping was properly dismissed. He claims $5,000 on a note secured by chattel mortgage on the company’s property. But this note and mortgage were executed without authorization whatsoever from the company and only a few days before the appointment of the receiver.
 

 Aside from all want of authority to issue said note and execute said mortgage, it appears that the opponent (who was president of the company) issued the note to himself as security for alleged deb.ts of the company for which opponent claims to have become surety. But neither the amount of said debts, nor the fact of opponent’s liability therefor, has been established, so that, even if the note has been duly authorized, the extent of the company’s liability thereon would still remain unproved.
 

 The opposition of Paul W. Maloney was dismissed below, but should have been maintained in part. ,
 

 He claims $1,500 for legal services rendered to the company before the receivership. The evidence satisfies us that the far greater part of these services were rendered to Copping, the president, personally. But at the same time he did render some services to the company in connection with some loans made to it by banks, and the security to be given therefor. We fix the value of the services rendered to the company at $250.
 

 He also claims $2,500 for legal services rendered to the company in connection with the receivership proceedings.
 

 In this again we find the far greater part of these services were rendered to Copping personally, in opposing the acts of the receiver. However, he did represent the company in opposing the appointment of the receiver (165 La. 143, 115 So. 416), and we fix the value of his services therein at $400. He also expended in costs in connection there
 
 *364
 
 with the sum, of $115, which he is entitled to recover. As to these two last items, aggregating $515, he is entitled to rank as a privileged creditor. Wolbrette v. New Orleans Drug Co., 149 Da. 433, 89 So. 406. But as to the $250 for services rendered before the receivership proceedings he is only an ordinary creditor.
 

 Decree.
 

 It is therefore ordered that the account of the receiver herein be amended by placing Paul W. Maloney thereon as a privileged creditor for .the sum of $515, with rank of law charges, and as an ordinary creditor for the sum of $250; and as thus amended said, account is homologated and the funds ordered distributed accordingly. The costs of this appeal to be paid by the receivership.