O’NIELL, Chief Justice.
 

 This appeal is from a judgment amending the final account of a receiver of an insolvent corporation, by ordering that the Fisk. Tire Company, who opposed the account,should be paid $340.64 in preference to the other creditors. The fund to be distributed by the receiver, according to his final account, is only $1,220.81; and the only amount in dispute is the item of $340.64. This court has not jurisdiction in a suit of this character where, the amount in dispute or the fund to be distributed does not exceed $2,000, exclusive of interest. Const. 1921, art. 7, § 10. Counsel for the Fisk Tire Company contend that this court has jurisdiction because the total amount of the funds that were handled by the receiver in the course of his administration of the affairs of the corporation ex eeeded $2,000. But, in the case of an appeal from a judgment approving or amending an account of a receiver, or of a liquidator, or an administrator, the question of appellate jurisdiction is not affected by the amount of the assets that were handled by the receiver, or the liquidator, or administrator, but is determined entirely by the amount of “the fund to be distributed.” Succession of Duran, 34 La. Ann. 585; Succession of McDowell, 35 La. Ann. 1025; Succession of Gohs, 37 La. Ann. 429; A. Adler & Co. v. Cannon, Sheriff, 42 La. Ann. 837, 8 So. 593; I. L. Lyons & Co. v. Blum, 42 La. Ann. 838, 8 So. 594; State ex rel. Carreau v. Judges of Court of Appeal, 44 La. Ann. 821, 11 So. 148; In re Southern Liquor & Tobacco Co., 49 La. Ann. 1456, 22 So. 414; In re Petit & Boh Co., 128 La. 163, 54 So. 705; Succession of Pietri, 147 La. 642, 85 So. 623.
 

 Counsel for the Fisk Tire Company cite three decisions in support of their argument ithat this appeal is within the jurisdiction of the Supreme Court, viz. Theo. Brierre & Sons v. Their Creditors, 43 La. Ann. 423, 9 So. 640, In re New Iberia Cotton Mills Co., 113 La. 404, 37 So. 8, and Snyder Wagon Co. v. Campbell Ice Cream Co., 173 La. 467, 137 So. 855; but the decisions cited do not sustain the argument. In Theo. Brierre & Sons v. Their Creditors, which was an appeal from a
 
 *765
 
 judgment rendered on a provisional account of a syndic of an insolvent estate, the fund to he distributed exceeded $2,000; and the ruling was that the syndic could not deprive the Supreme Court of its appellate jurisdiction over the matter by filing 'successive accounts proposing to distribute, in each instance, less than $2,000. In the case of the New Iberia Cotton Mills Company, the fund to be distributed exceeded $2,000, and among the liabilities shown on the receiver’s account was a disputed claim for $2,272. In Snyder Wagon Co. v. Campbell Ice Cream Co., the receiver sold the assets of the corporation for $92,500, and filed a provisional account showing privileged claims amounting to $79,516.82, “and the sum of $11,592.90,n which he proposed to distribute among the ordinary creditors,” etc.
 

 The appellant in this case asked the district judge to order the appeal returnable to the Court of Appeal for the Second Circuit, where it belonged; but counsel for the Risk Tire Company objected to the- taking of the appeal to the Court of Appeal, and insisted that the appeal should be made returnable to the Supreme Court, and it was over the appellant’s protest that the judge ordered the appeal returnable to the Supreme Court! For that reason the costs of this appeal to the Supreme Court must be borne by the Fisk Tire Company.
 

 This ease is ordered transferred to the Court of Appeal for the Second Circuit, Parish of Caddo, provided that the record shall be filed in that court within thirty days after this decree shall have become final; otherwise the appeal shall stand dismissed. The costs of the present appeal, to the Supreme Court, shall be borne by the Fisk Tire Company.