### Succession of HUNZELMAN.
### No. 15056.
Court of Appeal of Louisiana. Orleans.
Oct. 15, 1934.

Spearing & McClendon, of New Orleans, for Miss Gertrude Ellis, testamentary executrix.

Benjamin Y. Wolf, of New Orleans, for Audubon Homestead Ass'n.

JANVIER, Judge.

This is an appeal by Audubon Homestead Association from a judgment requiring that corporation to transfer eight shares of its capital stock to heirs, who had been ordered sent into possession of the said stock.

The property left by the decedent was appraised at $6,026.73. The eight shares of stock involved were appraised at $392.

The executrix filed her final account and tableau of distribution, under which she proposed to distribute the entire estate and in which it was shown that the said eight shares of stock were to be transferred, three to Frau Dina Justus and five to Louise Lederle Miller. After oppositions were disposed of, the account was homologated, and thereupon the two heirs named were ordered sent into possession of the said stock, and this rule was taken by the executrix to compel the homestead association to make the transfer.

■ The homestead association resisted for various reasons and, after a hearing, the rule was made absolute. Appellee Gertrude Ellis, testamentary executrix, seeks dismissal of the appeal on two grounds, asserting: First, that the amount in controversy or the fund to be distributed exceeds the maximum limit of our jurisdiction, and contending, also, that no citation of appeal was issued to either of the two heirs. The contention with reference to our jurisdiction is based on section 10 of

article 7 of the Constitution of 1921, which, in part, provides that the Supreme Court "shall have appellate jurisdiction in civil suits where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars. * * *"

Appellant contends, however, that the amount in controversy is the value of the stock and that, since that is only $392, this court, and not the Supreme Court, is vested with jurisdiction.

The argument that the distribution of the entire estate depends upon the outcome of this controversy is not sound. By the judgment of homologation the entire estate has been ordered distributed and nothing remains to be done but to place there two heirs, Frau Dina Justus and Louise Lederle Miller, in possession of these eight shares of stock.

In Succession of Glancey, 114 La. 1051, 38 So. 826, the Supreme Court considered an appeal from a judgment ordering the payment of the proceeds of an insurance policy to the usufructuary of the property insured. The said insurance proceeds had formed part of the estate, the total value of which was in excess of the minimum jurisdictional limit of the Supreme Court. The court dismissed that appeal, holding that the total value of the estate could not be considered in determining the question of jurisdiction to hear that controversy, which was limited to the value of the proceeds of the policy.

In Succession of Von Phul, 145 La. 763, 82 So. 883, 884, the Supreme Court said:

"The basis of the contention that the Court of Appeal is without jurisdiction is that the amount of the inventory in the succession proceedings exceeds $2,000, and since the applicant opposed the entire account, the accounting for all property shown on the inventory is called in question, and necessitates a review of the whole matter, including the disposition made of the assets by the administratrix, which embraced certain real estate."

But the court held:

"The only matter in controversy herein is, first, as to whether or not opponent is entitled to be placed on said account as a creditor for the sum of $900, with a privilege on the proceeds of certain property in the sum of $600 of that amount; and, second, whether she should be charged, in favor of the succession, with the sum of $750 as the price of her bid for said property.

"We therefore think that the Court of Appeal was clearly within the law in exercising jurisdiction of said cause."

In Succession of Pietri, 147 La. 642, 85 So. 623, 624, is found a case which we believe analogous to the case at bar. The facts were:

"The executrix filed her final account, showing assets of $126,730.21, and liabilities of $17,631.25. Fellman opposed said account for the reason that he had not been recognized thereon for the sum of $457.50, claimed as commissions for services rendered as a real estate agent. He did not oppose the account otherwise, but merely prayed that there be judgment in his favor for the sum claimed, and the opposition to that extent be sustained."

The court, after discussing the matter, held:

"* * * there is nothing in dispute save the correctness and validity of the opponent's claim, and the appeal, therefore, does not present a matter cognizable by this court, the sum involved being far below its minimum jurisdiction of $2,000. Const. art. 85; In re Petit & Boh Co., 128 La. 164, 54 So. 705; Kaufman v. Cade, 107 La. 144, 31 So. 626; Succession of Gohs, 37 La. Ann. 429; Succession of McDowell, 35 La. Ann. 1025; Succession of Duran, 34 La. Ann. 585."

Likewise, we may say here there is nothing in dispute save the refusal of the Audubon Homestead Association to transfer stock valued at $392.

See, also, Succession of Braughn, 156 La. 843, 101 So. 217; Succession of Kyle v. Pecot, 148 La. 691, 87 So. 714; Succession of Anderson (La. App.) 154 So. 74; Succession of Wilson, 175 La. 1078, 145 So. 13.

Counsel for appellee point to Succession of Wilson, supra, as sustaining their contention that we are without jurisdiction.

There the decedent had left a will in which there was one bequest of real estate valued at only $472.50. From a judgment holding the will invalid "for certain alleged defects," the dative testamentary executrix appealed to the Supreme Court and motion was made to dismiss the appeal on the ground that the amount in dispute, to wit, $472.50, the value of the bequest, was below the minimum jurisdictional limit of the Supreme Court, but that court held that it had jurisdiction and counsel, therefore, find comfort in that decision. But the administration of the entire estate was there involved and the entire estate had an inventoried value of $3,585.44. The court said:

"What is actually involved in this case is the right of the dative testamentary executor to administer and distribute the property of an estate of an inventoried value of $3,585.44, a sum in excess of the minimum jurisdiction of this court."

Such is not the case here.

The theory of appellee that all appeals in one succession must go to the same court is merely a theory and not a legal fact. It often happens that in one such proceeding there are several appeals, some of which may go to the Supreme Court and others to the Court of Appeal.

In Succession of Glancey, supra, the Supreme Court maintained its jurisdiction to hear one feature of the case and dismissed the appeal as to all others. That case arose before Act No. 19 of 1912, which permits transfers of appeals improperly taken.

In Succession of Anderson, supra, we maintained our jurisdiction, though on other matters there were appeals to the Supreme Court.

We therefore conclude that we have jurisdiction to hear this matter.

■ The other ground urged for dismissal is that the legatees, Frau Dina Justus and Louise Lederle Miller, were not cited as appellees. But the executrix who seeks the dismissal on this ground overlooks the fact that she herself, in filing the rule to compel the transfer of the stock to them, did not make them parties to that rule. If they were not necessary parties to the rule, they are not necessary parties to the appeal. In Fish v. Johnson, Levine et al., 16 La. Ann. 29, is found the following:

"There is a motion in this case to dismiss the appeal, on the ground that two of the obligors to the instrument sued upon have not been made parties to the appeal.

"The appellants' counsel replies, that it was not necessary, because they were never cited or made parties to the suit in the lower court.

"This answer is sufficient. The appellant is not required to look beyond the record, and cite persons on appeal who were not parties to the judgment rendered by the lower court."

In Boutte v. Executors of Boutte, 30 La. Ann. 177, the court said:

"A person not a party to the record below, may be an appellant but never an appellee."

The appeal, therefore, cannot be dismissed on this ground.

For the reasons assigned the motion to dismiss the appeal is overruled.

Motion to dismiss overruled.