(54 South. 705.)

· No. 18,267.

**In re PETIT & BOH CO.**

' (March 13, 1911.)

*(Syllabus by the Court.)*

COURTS (§ 224*)—SUPREME COURT—JURISDICTIONAL AMOUNT.

The final account of the liquidators was filed.

The only opponent to this account was the firm of Stauffer, Eshleman & Co.

The firm withdrew all objections to the account, except to have itself recognized as a privileged creditor for the amount claimed in its opposition, and to be placed on the account, and to have its claim determined by judgment; and the firm agreed to let the liquidators retain $1,500 in their possession to pay the claim in case of favorable judgment.

With consent of the firm, the final account was homologated, so far as not opposed.

The only issue left relates to the $1,100 claimed by opponents. Everything is settled, except as to that amount, with the consent of all parties concerned.

There remains nothing to be distributed, only so much of the $1,500 as necessary is to be paid if opponents recover judgment.

This court is without jurisdiction ratione materiæ.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 608–618; Dec. Dig. § 224.*]

Appeal from Civil District Court, Parish of Orleans; W. B. Sommerville, Judge.

In the matter of the liquidation of the Petit & Boh Company. From the judgment rendered, Stauffer, Eshleman & Co., opponents, appeal. Appeal conditionally transferred to the Court of Appeal; otherwise, dismissed.

Denegre & Blair, for appellant. Gustave Lemle and Charles Rosen, for appellees.

BREAUX, C. J. This was an opposition by Stauffer, Eshleman & Co. to the final account of the liquidators of the firm of Petit & Boh.

The opponents asked to have their claim of $1,100 and interest carried on the account.

The liquidators refused to list the amount of their claim as liquidators.

Opponents then filed an opposition, and alleged that they had entered into a contract with the liquidators of Petit & Boh Company.

At first, the firm of Petit & Boh were the contractors with a firm of druggists in Mobile, who had a building for a drug store constructed.

They obtained the contract for the interior finish of the building. When their work was about at an end, the firm of druggists called for bids to furnish the bronze grill.

About that time the firm went into liquidation.

Liquidators were appointed.

The latter deemed it to the interest of the liquidating firm to complete the work and put in the bronze grill.

The district court rendered judgment in favor of the liquidators and dismissed the opposition.

From this judgment an appeal was taken.

All parties concerned selected an architect to receive or reject the work.

The architect rejected the work.

His rejection was affirmed by the judgment before mentioned.

In addition, it was agreed, as made evident by the written contract, that the necessary drawings and all needful information were to be furnished to Stauffer, Eshleman & Co., the original contractors, as they might require.

The liquidating commissioners of Petit & Boh Company filed their final account and tableau of distribution, to which only one opposition has been made, that of Stauffer, Eshleman & Co., Limited.

They alleged, in a petition filed some time after their final account and tableau had been homologated, that upon due proof, duly administered, the court rendered judgment approving and homologating the account and tableau.

They presented an agreement to the court, whereby Stauffer, Eshleman & Co., Limited, withdrew all objection to the account, except to have themselves recognized as creditors for the amount claimed in their opposition and to be placed on the account as such, and to have their claim determined by judgment of court; and they alleged that they agreed to let the liquidating commissioners retain in their possession sufficient funds, say $1,500, for that purpose, and that they consented that the balance under the final account and tableau of distribution be distributed.

The district court granted the application.

The stipulation and agreement of Stauffer, Eshleman & Co. is as follows:

"It is stipulated and agreed between Gustave Lemle and Charles Rosen, attorneys for Otto Katz and Henry L. Moses, liquidators, and Denegre & Blair, attorneys for Stauffer, Eshleman & Co., opponents, that the liquidators shall retain in their possession sufficient funds, say $1,500, and disburse the balance under the final account and tableau of distribution, filed by the liquidators herein, which final account has been homologated in so far as not opposed; the said opponents, Stauffer, Eshleman & Co., withdrawing all objections, except to have themselves recognized as a privileged creditor for the amount claimed in their petition and placed on the account as such, their claim to be determined by judgment of the court herein."

It is made manifest by the foregoing that the funds have been distributed in accordance with the order of the court. There remains no possible issue, except as relates to the $1,100 claimed.

This court is without jurisdiction.

The court will notice its want of jurisdiction and order the cause transferred to the Court of Appeal.

The issue between the parties is one of fact simply, and the amount involved is below the jurisdictional limit.

The account had been homologated so far as not opposed. There was only one opposition to the account.

In the Succession of Gobs, 37 La. Ann. 429, this court held that, the amount of the estate having been previously distributed under a prior judgment, homologating an executor's account as far as not opposed, the amount claimed by opponents was less than $2,000.

The appeal was dismissed.

In Kaufman v. Cade, Sheriff, 107 La. Ann. 144, 31 South. 626, as the amount in dispute remained only as subject of dispute after the larger sum had been distributed, and as that amount was less than the minimum jurisdiction of this court, the appeal was dismissed.

In the Succession of Dougart, 42 La. Ann. 517, 7 South. 794, a similar question was

raised, which the court declined to entertain for want of jurisdiction.

With those decisions before us we are constrained to decide that this court is without jurisdiction.

The appeal will have to be transferred to the Court of Appeal, or dismissed, as provided by Act of 1904, p. 135, No. 56.

In accordance with the provision of this law, it is ordered and adjudged, in case appellant or its attorneys of record make oath, before the expiration of six judicial days from the day upon which this decree is handed down, that the appeal herein was not taken for delay, this cause be transferred to the Court of Appeal for the Parish of Orleans, to be proceeded with according to law; otherwise, in the event this formality is not complied with, the appeal is dismissed.