O’NIELL, J.
This is an appeal from a judgment dissolving a writ of attachment. The writ was issued in response to a supplemental petition, in which plaintiff claimed the sum of $1,000 and obtained the writ to secure that sum only.
Plaintiff and defendant were commercial partners, conducting a retail mercantile business. The partnership was dissolved by mutual consent. By the terms of the written agreement for the liquidation of the¡ partnership, plaintiff sold his interest in the business to defendant for $1,000, which was to be paid on a date stipulated, with interest at '4 per cent, per annum. It was stipulated that the accounts and bills receivable due to the partnership, exceeding $8,000, should be divided equally when collected, and that the debts of the firm should be borne by the parties equally. It appears that defendant then took charge of the business. ’ Thereafter plaintiff, being dissatisfied with the method of liquidation, sued for the appointment of a receiver or liquidator, which suit was resisted by defendant. Judgment was rendered in favor of plaintiff, appointing a receiver or liquidator; and defendant appealed from the judgment to the Court of Appeal. That court ordered the case transferred to the Supreme Court, because the fund to be distributed ex-ceded $2,000, and was therefore not within the jurisdiction of the Court of Appeal. Defendant did not file a transcript of appeal in this court, but abandoned his appeal, having acquiesced in the liquidator’s going on with the liquidation of the partnership. Plaintiff then filed a supplemental petition, alleging that defendant had- mortgaged, assigned, or disposed of, or was about to mortgage, assign, or dispose of, his property, rights, and credits, or some part thereof, with intent to defraud his creditors, or to give an unfair preference to some of them, and that he had converted or was about to convert his property into money or evidences of debt, with intent to place it beyond the reach of his creditors. Plaintiff, therefore, prayed for a writ of attachment to secure.the payment of the $1,000, which he alleged was due him, regardless of any further sum that might be shown to be due on a final settlement of the partnership affairs. The prayer of the supplemental petition was for a judgment for $1,000 and for the maintenance of the writ of attachment to secure that sum.
Defendant filed a motion to dissolve the writ of attachment, on the ground, mainly, that the allegations on which the writ had issued were false, and on the further ground, stated broadly, that the amount claimed was already in contest in the suit for liquidation of the partnership, and that the contest arising from the supplemental petition was therefore lis pendens. On trial of the motion, judgment was rendered in favor of defendant, dissolving the writ of attachment; and plaintiff prosecutes this appeal from the judgment.
The only matter determined by the judgment appealed from was that plaintiff was not entitled to a writ of attachment to secure the collection of the $1,000 alleged to be due him. He concedes that no other claim was asserted in his supplemental petition for the writ of attachment. Any further claim against his partner, on account of the settlement of the partnership affairs, would be an indefinite claim, on which a writ of attachment perhaps could not issue.
*281 Inasmuch as the amount in contest is .less than $2,000, and is therefore within the jurisdiction of the Court of Appeal, and not of this court, the case must be transferred to the Court of Appeal.
It is ordered that this case be transferred to the Court of Appeal for the Parish of Orleans. Plaintiff, appellant, is to pay the costs of the present appeal to the Supreme Court. All other costs are to depend upon the judgment to be rendered by the Court of Appeal.