CORRADO GIACONA v. JOHN A. JULIANI

(November 30, 1925, Opinion and Decree)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Courts—Par. 128.**

In a concursus proceeding growing out of a building contract, where the owner seeks to appeal from a judgment obtained by material man, ordering the inscription of a lien in the mortgage office, affecting his property, in the sum of $1160.00, this court has jurisdiction, notwithstanding the amount deposited in concurso is largely in excess of the maximum jurisdiction of the court, when the judgment involves only the right of the material man to record his lien and does not affect the amount of his claim.

2. **Louisiana Digest—Appeal—Par. 1; Mandamus—Par. 32.**

Appeals are favored in law, consequently, all doubts must be resolved in favor of the appeal. A judgment ordering the inscription of a lien against the property of an owner obtained in a concursus proceeding growing out of a building contract will be deemed to work irreparable injury, and mandamus will issue to compel the granting of a suspensive appeal.

In re: Corrado Giacona applying for Writs of Mandamus Peremptory.

Theo. Cotonio and W. Catesby Jones, of New Orleans, attorneys for relators.

WESTERFIELD, J.    Relator seeks by mandamus a suspensive appeal from a judgment rendered by the Honorable Porter Parker, judge of Division "D" of the Civil District Court, on July 21, 1925.

The answer filed by the respondent judge challenges the jurisdiction of this court upon the ground that the amount involved is above the maximum jurisdiction as fixed by the Constitution and raises other issues which, in our opinion, are not relevant to the consideration of relator's right to a suspensive appeal.

Corrado Giacona, plaintiff, relator herein, filed a petition in the Civil District Court, alleging himself to be the owner of a certain piece of property on the corner of Kerlerec and N. Derbigny streets in this city, and further alleging that, through one Ashton Blum, he entered into a contract with the defendant, Juliani, a contractor and builder, to erect certain buildings on his property for the sum of $16,200.00; that a surety bond was given by Juliani which was duly recorded in the mortgage office, as was the building contract; that he paid Juliani all he owed him under the said building contract except $3240.00; which sum he withheld because of numerous liens being recorded against his property by persons claiming to have furnished labor or materials employed in the construction of the buildings, and that the aggregate of such claims far exceeded the balance due by him to Juliani; that in order to avoid a multiplicity of suits, petitioner herewith tenders and deposits the balance due Juliani in the registry of the court. The usual prayer followed, some seventeen lien claimants and John Juliani were cited and, the proper order of court being obtained, the sum of $3240.00, alleged to be due Juliani, was duly deposited in the registry of the Civil District Court.

Two of the lien creditors objected to the bond given by the surety, one of the objectors being James Demoruelle & Sons, Inc. The objections were overruled by the Honorable Percy Saint, the judge before whom they were considered, who held the bond was in conformity with Act 262 of 1916, the building law then in force.

At the expiration of ten days following this judgment a certificate was obtained from the clerk of the Civil District Court as provided by Paragraph 5 of Section 1 of the building law, to the effect that no further objections had been made to the

bond, and this certificate was presented to the recorder of mortgages, who thereupon erased all inscriptions against the plaintiff's property, as he is required to do under the building law.

On October 2, 1923, something over a year following the action of the recorder of mortgages, James Demoruelle & Sons, Inc., one of the objectors to the surety bond, filed a rule in which it was alleged that the clerk of court had no authority to issue the certificate and the recorder of mortgages no authority to cancel the inscription of mover's lien, and that, therefore, the recorder of mortgages should be ordered to reinstate all inscriptions against plaintiff's property. This rule was made absolute and plaintiff refused a suspensive appeal.

Has the court jurisdiction is the first question to be considered.

The amount deposited in concursus, $3240.00, is, of course, above our maximum jurisdiction of $2000.00, but is the amount in controversy or fund to be distributed in excess of our jurisdictional limit, for that is the criterion.

The claim of James Demoruelle & Sons, Inc., the plaintiff in the rule which resulted in the judgment from which plaintiff desires to appeal, amounted to $1160.00. But the only thing in controversy is the right to inscribe a lien in the mortgage office for that amount against plaintiff's property. As was freely admitted in argument, the claim of the plaintiff in rule, so far as the amount is concerned, could not be affected by any judgment which this court could render on appeal. That being true, we cannot see how the entire fund deposited in the registry of the Civil District Court can be said to be the amount in dispute, and we think the claim of plaintiff in rule a fairer basis for fixing this amount, though even that is doubtful, since the

right to have the lien recorded and not the monied demand of plaintiff in rule is the only issue determined by the judgment appealed from. In any event, we are satisfied of our jurisdiction. Succession of Pietri, 147 La. 642, 85 South. 623; Anticich vs. Mihaljvich, 149 La. 278, 88 South. 820; Weinfurter vs. Cresap, 155 La. 682, 99 South. 528.

Is the judgment from which an appeal is sought final or interlocutory, and, if interlocutory, does it work irreparable injury? is the final question.

It was strenuously argued that the judgment is final and not interlocutory, and with some plausibility; but we are inclined to think it is interlocutory and that it is calculated to work irreparable injury. The inscription of the lien in the mortgage office, as ordered by the court in the judgment complained of, affects the merchantability of the property and is in effect an injunction without bond restraining the owner from selling or mortgaging the property. It is possible that an advantageous opportunity to sell the property might be forever lost to plaintiff as a result of this inscription. Moreover, the right of appeal is favored in law, and all doubts should be resolved in favor of the appeal.

For the reasons assigned, the alternate writ of mandamus heretofore issued is made peremptory, and it is now ordered that the Honorable Porter Parker, judge of Division "D", Civil District Court, be and he is hereby directed to grant to Corrado Giacona a suspensive appeal, conditioned as the law directs, from the judgment in favor of James Demoruelle & Sons, Inc., and against Corrado Giacona, rendered on July 13, 1925, costs to this application to be borne by James Demoruelle & Sons, Inc.