**Succession of ANDERSON.** *

No. 14686.

Court of Appeal of Louisiana. Orleans.

April 23, 1934.

See, also, 176 La. 66, 145 So. 270.

Titche & Titche and Robt. D. Samsot, all of New Orleans, for appellant.

O'Niell & O'Niell, of New Orleans, for appellee.

JANVIER, Judge.

This matter is before us on motion to dismiss the appeal ratione materiæ, or, in the alternative, to transfer it to the Supreme Court.

The contention of appellee divides itself into two parts: First, it is asserted that the appeal grows out of and is incidental to a main demand, which main demand is said to involve a sum in excess of $2,000 and that, therefore, the Supreme Court has jurisdiction of the appeal because of the provision in section 1 of article 7 of the Constitution of 1921 to the effect that "in all cases where there is an appeal from a judgment on a reconventional or other incidental demand, the appeal shall lie to the court having jurisdiction of the main demand"; secondly, it is argued that, even if we reach the conclusion that the amount actually in dispute is less than $2,000, nevertheless there is a fund the distribution of which depends upon our decree, and that, therefore, the amount of the fund to be distributed controls the jurisdiction. This contention is based on section 10 of article 7 of the Constitution of 1921, which, in part, provides that the Supreme Court "shall have appellate jurisdiction in civil suits where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars. * * *"

A clear understanding of the present status of the succession proceedings is essential to a determination of the questions presented.

The inventoried value of the estate amounted to $120,092.20. Mrs. Gertrude Dix Anderson, the widow of the deceased, qualified as testamentary executrix. Deceased, in his will, after making certain bequests, named his widow, Mrs. Anderson, as his universal or residuary legatee.

Mrs. Irene Anderson Delsa, claiming to be a legitimate daughter of the deceased, instituted, in the succession proceedings, her claim for recognition and for a one-third interest in the estate. After protracted litigation, her claim was upheld and she was ordered sent into possession of one-third of the estate.

The law firm, McCloskey & Benedict, were the attorneys for the estate and rendered two bills for their services. One of these is not in dispute; but the other with which we are now concerned and which was for $6,102.20, represented a charge for services in the contest which was filed by Mrs. Delsa.

*Rehearing refused May 21, 1934.

When the executrix refused to pay this bill, suit was instituted against the estate and in this suit Mrs. Delsa intervened and contended that the said law firm, if entitled to any further fee, should be paid out of Mrs. Anderson's portion of the estate and that no portion of it should be taken from the share of Mrs. Delsa. When it became apparent that the suit of the attorneys might delay a final distribution of the assets of the estate, Mrs. Anderson and Mrs. Delsa and the said attorneys agreed that the two parties named should grant in favor of the attorneys a mortgage on certain property owned jointly by them, which mortgage should secure the payment of such fee as might be decreed to be due to the said attorneys, and it was understood among the parties that, in entering the said agreement, Mrs. Delsa should not be considered as having abandoned her contention that she should not be held liable for any part of the fee.

The attorneys consented to the distribution of the estate, and thereafter, after the payment of all of the special legacies, except one for $1,000, which we shall hereafter refer to, the portions to which Mrs. Anderson, as residuary legatee, and Mrs. Delsa, as forced heir, were respectively entitled to, were agreed upon, and each, in due course, received her proper share.

After the agreement as to the distribution was made, a compromise settlement was arrived at with the attorneys, under which it was agreed that the fee should be $3,500 and under which it was also agreed that the only question which should be submitted to the court for adjudication was whether Mrs. Delsa should be required to pay one-third of the said fee; Mrs. Anderson conceding that she was liable for two-thirds, but asserting that Mrs. Delsa should pay the other one-third, whereas Mrs. Delsa maintained that Mrs. Anderson should be liable for the whole amount.

There was judgment below under which Mrs. Delsa was relieved from all responsibility for any portion of the said fee and Mrs. Anderson has appealed.

As we have stated, we are now asked to dismiss the appeal on either of two grounds: First, that the claim of the attorneys, which has been reduced by agreement to $3,500, being the main demand and being for an amount in excess of $2,000, fixes jurisdiction in the Supreme Court, although the amount actually in dispute in the so-called incidental demand is less than $2,000, being one-third of $3,500, or $1,166.66; second, that the fund for distribution is $3,500 and that, thus, even if we reach the conclusion that the amount in dispute is less than $2,000 and that the jurisdiction is not determined by the amount of the so-called main demand, still the fund to be distributed is in excess of $2,000, and, therefore, the Supreme Court and not this court has jurisdiction.

When we consider the first contention, we conclude that there is no longer any main demand in excess of $2,000. That demand has been settled by agreement and is not now in dispute. There is, therefore, no right of appeal on the main demand because there can be no appeal from a judgment rendered by consent, and, so far as the original claimants are concerned, the judgment was based entirely on their consent and there could therefore be no appeal. Since there could be no appeal on the main demand, the jurisdiction of the appeal on the incidental question is controlled by the amount in dispute on the incidental question, because it is also provided in section 1 of article 7 of the Constitution that "if there be no right of appeal on the main demand, the appeal shall lie to the court having jurisdiction of the reconventional demand.

It is also settled by agreement that Mrs. Anderson is liable for two-thirds of $3,500, or $2,333.34. The courts of this state have repeatedly held that whatever may be the amount of the original claim, jurisdiction in the appellate court is determined by the amount remaining in dispute at the time of the rendering of the judgment in the court below. In Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25, 26, the Supreme Court said:

"Appellate jurisdiction must be determined by the amount in contest at the time the judgment appealed from was rendered by the lower court."

See, also, Wolf v. Thomas, 137 La. 833, 69 So. 269, and many cases therein cited.

All of the controverted questions presented by the original demand thus passed out of the case and there remained, at the time the matter was submitted to the court below, only the question of which of the two heirs should pay the sum of $1,166.66.

We cannot, therefore, sustain the first contention because we conclude that at the time at which the matter was submitted for judgment in the court below there was no amount in dispute and that the only question which still remained in controversy was whether $1,166.66 should be paid by one of the parties or by another.

■ So far as the succession itself is concerned, it is quite apparent that there is no fund the distribution of which depends upon the decree to be rendered. The entire succession has been distributed to the parties entitled thereto, or, if the actual distribution has not been completed, final agreement has been entered into and the actual distribution of such portion as may remain in the hands of the executrix depends in no way upon what we or any other court may do in this matter. It is true that there is in the hands of the executrix entirely undistributed a fund of $1,000, which, by the will of the deceased, was left to a charitable institution, but the payment of that legacy does not depend on a decision of this case, the fact being that the name of the legatee was so indefinitely stated in the will that the executrix has not been able to determine to which institution the fund should be paid.

The amount due to the firm of McCloskey & Benedict, if it can be considered a "fund to be distributed," is not awaiting this decision because two-thirds of it is definitely settled and compromised and the amount of the other third is also agreed upon.

Even had there been deposited in escrow a fund made up by the two parties, there might have been some room for argument as to whether such a fund constituted the necessary "fund to be distributed," which, under the article of the Constitution, is required where jurisdiction is to be determined in that manner. But here there is no fund at all. Each of the two parties has given security for the payment of such debt as she may ultimately be liable for. There is no fund; there is merely the possibility of a debt and there is contingent security for the payment of such debt. The suit of Messrs. McCloskey & Benedict might as well have been brought against the two individuals.

Counsel for mover, in support of the motion to dismiss and of the contention that the fund to be distributed controls jurisdiction, no matter how small may be the claim in dispute, cites several cases, none of which is in point because in all of those cases there was an actual fund to be distributed and the distribution of which awaited the determination of the particular claim. For instance, in Succession of Templeman, 134 La. 798, 64 So. 718, the amount of the succession exceeded the minimum jurisdictional limit of the Supreme Court. The claim of the opposing creditor was for an amount far less than $2,000, but the Supreme Court held that, since the distribution of the entire fund could not take place until the determination of the small claim, there was a fund to be distributed, and that the jurisdiction to determine the claim of the opponent was in the Supreme Court. That, we believe, is not the situation here. In some particulars we find this matter similar to In re Petit & Boh Co., 128 La. 163, 54 So. 705, in which the Supreme Court, ex proprio motu, held that it lacked jurisdiction to consider an appeal ratione materiæ. There was opposition to a final account under which a sum in excess of $2,000 was to be distributed. An opponent claimed $1,100. By agreement, the account was homologated and the funds distributed, except that $1,500 was retained pending final judgment on the opposition. From the judgment on the opposition there was an appeal to the Supreme Court, counsel for appellant, apparently being of the opinion that the amount of the original "fund to be distributed" controlled and determined jurisdiction. The Supreme Court held that it had no jurisdiction and in the syllabus, which was written by the court, is found the following:

"The only issue left relates to the $1,100 claimed by opponents. Everything is settled, except as to that amount, with the consent of all parties concerned.

"There remains nothing to be distributed, only so much of the $1,500 as necessary is to be paid if opponents recover judgment.

"This court is without jurisdiction ratione materiæ."

It is therefore ordered, adjudged, and decreed that the motion to dismiss the appeal be and it is overruled.

Motion to dismiss overruled.