### Succession of SCHNEIDAU.
### No. 15047.

Court of Appeal of Louisiana. Orleans.
Oct. 29, 1934.

H. W. Robinson, of New Orleans, for Mrs. Guy LeBreton.

Merrick, Schwarz, Guste, Barnett & Redmann and Wm. J. Guste, all of New Orleans, for Mrs. Conery.

WESTERFIELD, Judge.

Paul M. Schneidau died on the 30th of August, 1917. His succession was opened in the civil district court for the parish of Orleans on the 17th day of September, 1917, under the number 121565. A judgment was rendered in his succession placing his children, Paul S. Schneidau, Arthur Schneidau, Mrs. Marietta Schneidau White, and Mrs. Sadie Schneidau Conery, in possession of his share of the community subject to the usufruct of his wife, Mrs. Paul M. Schneidau.

Mrs. Paul M. Schneidau died on September 20, 1931, and her succession was opened in the civil district court for the parish of Orleans on the 22d day of September, 1931. The

inventory in Mrs. Schneidau's succession amounted to $51,154.89. She made a will in which she bequeathed to the Shrine Hospital for Crippled Children at Shreveport $1,000; Masonic Home for Women & Children at Alexandria $1,000; Relief Fund of Union Lodge F. & A. M. $500; Guy LeBreton, Jr., $2,500; Margaret D. Lee $2,500; Paul S. Schneidau $3,000. The remainder of her estate was ordered held in trust for her forced heirs for ten years. All of the Schneidau heirs with the exception of Mrs. Sadie S. Conery conveyed their interest in their father's succession to their mother by act before E. M. Stafford, notary public, on the 8th day of January, 1924.

On the 20th day of November, 1931, Mrs. Conery filed a rule in the succession of her mother in which she declared that various sums had been advanced to her brothers, Paul S. and Arthur Schneidau, by her father, Paul M. Schneidau, which should be collated. These alleged advances amounted to $12,172.48. She asked that these sums be collected from her brothers or that they be fictitiously added to the mass of the community and that, in the latter event, she be recognized as a creditor of the community by reason of her one-fourth interest in the sum of $3,043.12. This rule was made absolute on July 15, 1932, and one-half, or $1,521.26, ordered paid at once, the remaining half to be charged against her mother's share of the community. Baillio v. Baillio, 5 Mart. (N. S.) 228. Mrs. Schneidau's executor paid Mrs. Conery the sum awarded by the judgment as against her father's succession. Mrs. Schneidau's succession shrank considerably in value during its administration, and, after the payment of the debts and law charges, the executor, in a third provisional account, showed that there were remaining the following items for distribution to the legatees and heirs:

Restricted balance in Canal Bank............ $1,135.58
Net cash available for distribution........... 1,860.00

The available cash he proposed to distribute as follows, recognizing that Mrs. Schneidau's disposable portion was only one-third:

| Net cash available | | $1,860.00 |
|---|---|---|
| Guy LeBreton | $147.62 | |
| Mrs. Margaret D. Lee, Legatee | 147.62 | |
| P. S. Schneidau | 177.17 | |
| Shrine Hospital, Shreveport | 59.03 | |
| Mason's Home, Alexandria | 59.03 | |
| Union Lodge | 29.53 | |
| Mrs. Marietta S. White, one-fourth | 320.00 | |
| Mrs. W. P. Conery, Jr. " " | 320.00 | |
| Mrs. Guy LeBreton " " | 320.00 | |
| P. Sefton Schneidau " " | 320.00 | 1;900.00 |

(Note: The account indicates an apparent error of $40.)

Mrs. Conery opposed this account and asked that she be recognized as a creditor of the succession in the sum of $1,521.56 by reason of the collations held to be due under the judgment of July 15, 1932. In other words, she averred that as it had been held in that judgment there was due by her brothers the sum of $6,086.24 to the succession of her mother which should be collated by moiety. In a judgment rendered on the 13th day of July, 1934, the rule was made absolute and Mrs. Conery ordered placed upon the account as a creditor in the amount claimed in the rule. From this judgment, the executor has appealed to this court.

The case was fully argued before us on the merits without any objection being made by either side to our jurisdiction. Upon our consideration of the matter, however, we have reached the conclusion that the appeal should have been taken to the Supreme Court.

In Succession of Wengert, 178 La. 1027, 152 So. 747, an appeal from an order directing the testamentary executor to pay the widow of the testator $120 in three monthly payments of $40 each, on account of legacies due her, was prosecuted to the Supreme Court, and a motion to dismiss based upon the ground that the fund to be distributed was below the limit of the jurisdiction of the Supreme Court was dismissed on the ground that the value of the succession, $9,051.83, was the true criterion of the fund to be distributed and not the amount mentioned in a provisional account. The court said:

"According to section 10 of article 7 of the Constitution, this court has appellate jurisdiction in suits where a fund to be distributed, regardless of the amount therein claimed, exceeds $2,000, as well as in suits where the amount in dispute exceeds $2,000. And, in a succession or other concurso proceeding, the test of appellate jurisdiction is not the amount ordered paid out or distributed provisionally, but the whole amount of the fund to be distributed. Succession of Johnson, 141 La. 842, 75 So. 743." See, also, Succession of Anderson (La. App.) 154 So. 74.

In the case before us the succession of Mrs. Schneidau, according to the inventory, amounted to $51,143.89, and the fund to be distributed, as mentioned on the account to which an opposition was maintained below, if we consider the restricted balance in the Canal Bank, equals the sum of $2,995.58, an amount in excess of $2,000, the maximum of our jurisdiction, and when the $6,086.24 claimed to be due as a collation from the coheirs of Mrs. Conery, the opponent, is considered, the fact

that we are without jurisdiction is the more obvious.

It is, therefore, ordered, adjudged, and decreed that this appeal be, and it is transferred to the Supreme Court of Louisiana, to be disposed of according to law; the transfer to be made within sixty days after this judgment becomes final, and if not so made, then the appeal to be deemed dismissed, appellant to pay the cost of appeal in this court, the remaining costs to await final determination of the matter.

Transferred to the Supreme Court.