Wilson Williams, J.A. Cragwall and H.J. Agregaard, liquidators of the Weinberger Banana Company, move to dismiss this devolutive appeal upon the ground that proper persons have not been made parties to the appeal and also upon the ground that the appeal was taken in vacation by motion instead of by petition and citation.
During the trial of the motion to dismiss, which was set down for oral argument, we expressed some doubt concerning our jurisdiction of the appeal and, upon further consideration, we are convinced that we have no jurisdiction. It appears that the final account of the liquidators was duly filed in the Civil District Court and on March 25th, 1943, it was approved and homologated and the funds ordered distributed accordingly. On March 30th, 1943, a creditor, the New Orleans Terminal Company, obtained an order addressed to the liquidators to show cause why the judgment rendered on March 25th, 1943, "should not be vacated and set aside, and why a new trial or rehearing should not be granted to mover, with permission accorded to mover to file such opposition or other pleadings as mover may be advised, or why such other relief as the Court may deem proper should not be granted to mover."
After a hearing on the rule it was dismissed and on September 15th, 1943, this devolutive appeal was prosecuted to this Court. The account of the liquidators, which it is sought to have vacated and set aside, called for the distribution of $3,693.22, as follows:
To amount reserved for future Court costs, filing accounts and discharge of Liquidators ......... $ 43.22 To liquidator Wilson Williams for services rendered in these proceedings, reduced from $2,000.00 to ..................... 558.34
To reimburse Wilson Williams, Liquidator, acting Chairman of Liquidators, for clerical, stenographic and bookkeeping services supplied by him in premises ..... 300.00
To Liquidator H.J. Agregaard, for services rendered in these proceedings, reduced from $2,000.00 to ..................... 558.34
To Liquidator J.A. Cragwall, for services rendered in these proceedings, reduced from $2,000.00 to ..................... 558.34
To Charles T. Madison, Attorney for Liquidators, for preparing and defending suits against this company, in liquidation, and, for services to Liquidators, balance of $15,500.00 to ......... 1675.00 --------- Total amount requested to be ordered paid, which amount equals balance on hand and in bank .............. $3693.22
The claim of the New Orleans Terminal Company amounts to $800, which, in this proceeding, it seeks to have recognized after the judgment bomologating the account shall have been vacated as prayed for, and it is insisted that this is the only amount involved. The jurisdiction of this Court in monied demands does not exceed $2,000. Article 7, Section 10 of the Constitution of 1921.
In the Succession of Wengert, 178 La. 1027, 152 So. 747, the Supreme Court considered an appeal from an order directing the testamentary executor to pay the widow of the testator $120 in three monthly payments of $40 each on account of a legacy due her. A motion to dismiss was filed in the Supreme Court upon the ground that the fund to be distributed was below the limit of the jurisdiction of the Supreme Court. The Supreme Court dismissed the motion upon the ground that the value of the succession, $9,051.83, was the true criterion of the fund to be distributed and not the amount mentioned in a provisional account, saying: "According to section 10 of article 7 of the Constitution, this court has appellate jurisdiction in suits where a fund to be distributed, regardless of the amount therein claimed, exceeds $2,000, as well as in suits where the amount in dispute exceeds $2,000. And, in a succession or other concurso proceeding, *Page 32 
the test of appellate jurisdiction is not the amount ordered paid out or distributed provisionally, but the whole amount of the fund to be distributed. Succession of Johnson, 141 La. 842, 75 So. 743."
In the Succession of Schneidau, La. App., 157 So. 137, the executor filed a provisional account proposing to distribute certain cash on hand amounting to $1,900. One of the heirs contested the account, asking that the amount which it proposed to distribute to her be increased from $320 to $1,521.56. On our own motion we transferred the case to the Supreme Court because the succession according to the inventory amounted to $51,143.89, citing Succession of Wengert, supra.
In the Succession of Anderson, La. App., 154 So. 74, while the total amount of the succession was upwards of $120,000, the amount in dispute was less than $2,000. Because all other issues had been settled by agreement, we maintained our jurisdiction, citing Norwood v. Lake Bisteneau Oil Company,145 La. 823, 83 So. 25, to the effect that appellate jurisdiction must be determined by the amount in contest at the time the judgment appealed from was rendered by the lower court. In the succession of Anderson, we said [154 So. 75]: "All of the controverted questions presented by the original demand thus passed out of the case and there remained, at the time the matter was submitted to the court below, only the question of which of the two heirs should pay the sum of $1,166.66."
[1] In Haydel, wife of Alciatore, v. Major, La. App.,20 So.2d 29, on application for rehearing, handed down this day, we dismissed and refused to transfer an appeal improperly lodged in this court. That case is distinguishable from this because there, an obvious legal requirement for the perfection of the appeal had not been complied with. Here the contention is that as a matter of law, because of the peculiar facts obtaining, there was no necessity to cite the liquidators nor their attorneys. To determine that question would involve the exercise of jurisdiction which we have concluded we do not possess.
The cases relied upon by counsel — Succession of Pietri,147 La. 642, 85 So. 623; Anticich v. Mihaljevich, 149 La. 278, 88 So. 820; In re Petit Boh Co., 128 La. 163, 54 So. 705; Succession of Gohs, 37 La. Ann. 428; Succession of McDowell, 35 La. Ann. 1025; Succession of Duran, 34 La. Ann. 585; Succession of Hunzelman, La. App., 157 So. 118; Succession of Anderson, La. App., 154 So. 74; and Giacona v. Juliani, 3 La. App. 317 — are not in point. An examination of these cases will show that for the most part the matter in controversy was below our maximum jurisdiction because all other controverted questions originally involved had been settled.
[2] It is apparent that in the present case where an effort is made to set aside a judgment homologating a final account ordering the distribution of funds in excess of $2,000, that we are without jurisdiction, consequently, and
For the reasons assigned it is ordered, adjudged and decreed that this appeal be and it is transferred to the Supreme Court of Louisiana, to be disposed of according to law; the transfer to be made within sixty days after the judgment becomes final, and if not so made, then the appeal to be deemed dismissed, appellant to pay the cost of appeal in this court, the remaining costs to await final determination of the matter.
Transferred to the Supreme Court.
Rehearing granted; WESTERFIELD, J., dissenting.