JANVIER, Judge.
The first problem which we are called upon to solve is whether this Court has jurisdiction ratione materiae of the matter which is involved, in this appeal. A *576 dear understanding of the facts is essential to a determination of this question.
Plaintiff and the defendant were married in the Parish of S.t. Bernard on January 27, 1947, and established a matrimonial domicile in the Parish of Orleans. One child was born of that union. On December 19, 1952, the plaintiff, in the Civil District Court for the Parish of Or-, leans, filed suit for separation from bed and board. She also sought the provisional care, custody and control of the minor child and prayed that she be awarded alimony pendente, lite for herself and the. said minor and that she be allowed a reasonable attorneys’ fee.
•The defendant filed answer denying, the allegations of the petition -and- then, assuming the position of plaintiff in r.econ-vention, alleged that the plaintiff, his wife, had been guilty of notorious adultery and prayed for judgment of divorce against her, and that he be awarded the care, custody and control of the minor child.
On February 6, 1953; there was judgment in favor of plaintiff giving her the custody of the minor and awarding her alimony in the sum of $160 per month, effective December 19, 1952. On February 18,' 1953, the plaintiff, on motion, called upon the defendant to show cause why he should not foe condemned to pay to plaintiff $480 in overdue alimony and, on February 27, 1953, the rule was made absolute and there was judgment in ’favor of plaintiff and against defendant in the sum of $480.
On March 31, 1953, there was judgment in favor of plaintiff granting a separation from bed and board, awarding to her the custody and control of the minor child, ordering the defendant to pay to plaintiff alimony at the rate of-$160 per month for the support of herself and her minor child, and fixing the fee of the attorneys for plaintiff at $500. In this judgment the reconventional demand of defendant was dismissed. This judgment was signed on April 10, 1953. On April 20, 1953, defendant, on motion, obtained an order granting him a suspensive appeal to the Supreme Court and fixing the appeal bond at $3,000. In this order, June 18, 1953, was fixed as the return day. Although the appellant filed the proper bond, no transcript was ever lodged in the Supreme Court.
Thereafter, on July 2, 1953, on motion of plaintiff, the suspensive appeal of defendant- was dismissed by the Supreme Court because of failure of appellant -to file the transcript.
Plaintiff then filed garnishment proceedings against Mississippi Shipping , Company, the employer of defendant, seeking the seizure in the possession of that company of any amounts held by it and due to the defendant. The order for the garnishment was issued and an attempt was made on behalf of plaintiff to secure, through the garnishment proceedings, payment of the overdue alimony and payment of the attorneys’ ’fees. Later the Judge of the Civil District Court revoked and set -aside the order of garnishment insofar as the items of attorneys’ fees and costs were concerned. From this order revoking, annulling and setting aside the garnishment insofar as the attorneys’ fees and costs were concerned, the plaintiff appealed de-volutively to this Court, and it is this appeal with which we are now concerned.
On August 26, 1953, defendant, by petition, sought and obtained an order of devolutivé appeal returnable to this Court (Court of Appeal for the Parish of Orleans) on the 27th day of September, 1953. In the prayer for this devolutive appeal, appellant complained of the judgment’ insofar as it granted to the plaintiff an award of $500 for attorneys’ fees. The plaintiff, who ’herself is appellant, has moved to dismiss this devolutive appeal of the defendant on the ground that defendant has lost his right to appeal by failing to perfect the appeal which was taken to the Supreme Court from the same judgment.
 We think it obvious that the appeal of the defendant to this Court should be dismissed. While the law grants to a *577 party the right to a devolutive and suspen-sive appeal, it does not give him the right to two separate appeals. When the defendant as appellant failed to perfect his suspensive appeal to .the Supreme Court he lost his right to a devolutive appeal. Hamilton v. Dabbs, 216 La. 867, 44 So.2d 896, and cases therein cited.
The important question which is now before us, however, is not whether the defendant has lost his right to appeal, but whether we have jurisdiction of the appeal taken by the plaintiff from the order revoking the garnishment order- insofar as it affected the attorneys’ fees of $500 and the costs which amounted to $129.
Counsel for plaintiff concede that it is provided in our Constitution in Section 10 of Article 7 that the Supreme Court “shall have appellate jurisdiction of all suits for divorce or separation from bed and board, and of all matters arising therein; of suits involving alimony * *
Counsel contend, however, that no part of this litigation remains for adjudication except the question of whether the wages' of a seaman may be garnisheed in order to provide payment for the fees of the attorneys who have represented the wife.
It is conceded that the question of what part of the wages of the seaman may be seized and for what purpose seizure of such wages may be resorted to is controlled by 46 U.S.C.A. § 601. This section reads as follows:
“No wages due or accruing to any seaman or apprentice shall be subject to attachment or arrestment from any court, and every payment of wages to a seaman or apprentice shall be valid in, law, notwithstanding any previous sale or assignment o-f wages or of any attachment, encumberance, or ar-restment thereon; and no assignment or sale of wages or of salvage made prior to the accruing thereof shall bind the party making the same, except such allotments as are authorized by this title. This section shall apply to fishérmen employed on fishing ves-seis as well as to seamen: Provided, That nothing contained in this or sections 80, 569, 596, 597, 599, 656, 673, 701-,- 703, 712, and 713 of this title shall interfere with the order by any court-regarding the payment by any seaman of any part of his wages for the support and maintenance of his wife'and minor children.”
Counsel for appellant maintain that, while it is provided in the. Federal Code that the wages of a seaman may not be seized except where there is involved the support and .maintenance of the wife and minor children, this provision must be contemplated as including attorneys’ fees which are made necessary by the attempt to secure the payment of alimony.
Counsel for appellee argues that even if this be true, necessarily the fee of the attorney arises as the result of the attempt to secure alimony. and that therefore the claim for attorneys’ fees is one which .involves alimony or is necessarily connected with the claim, for alimony, and that therefore jurisdiction of the appeal which involves the, attorneys’ -fee for the securing of 'alimony is in the Supreme Court and not in the Court of Appeal.
Counsel for appellant in answer to this contention maintain that, as a result of the fact that because of failure to perfect his appeal, the defendant no longer has the right of appeal, none of the other questions which were ' originally presented are still before the Court and that, therefore, there is nothing involved except a claim for attorneys’ fees and ’ that,' since the question of the . payment of alimony and the question .of whether judgment of separation from bed and board was proper are no longer before.the Court, the question of whether the wages of the seaman may be seized for the payment of attorneys’ fees is not one in which there is involved any question of separation from bed and board or, alimony.
Counsel for appellant confidently point to our decision in Succession of Ander *578 son, La.App., 154 So. 74, and they argue that there we held that even in a succession proceeding involving large amounts, where all of the litigated questions had been finally determined except one involving only distribution of a fund of less than $1,-500, we held that the distribution of that fund was a matter over which the Court of Appeal and not the Supreme Court had jurisdiction.
It is true that we so held in that case, but; there, absolutely nothing remained of the succession proceeding except a dispute over who should pay a certain portion of the attorneys’ fee. We said:
“So far as the succession itself is concerned, it is quite apparent that there is no fund the distribution of which depends upon the decree to be rendered. The entire succession has been distributed to the parties entitled thereto, or, if the actual distribution has not been completed, final agreement has been entered into and the actual distribution of such portion as may remain in the hands of the executrix depends in no way upon what we or any other court may do in this matter. * * * ’’
Relying upon a decision of the Supreme Court in In re Petit & Boh Co., 128 La. 163, 54 So. 705, we held that we had jurisdiction since all other issues had been determined and the amount which remained in dispute was less than $2,000.
In that case the Supreme Court considered such a situation and said:
“The only issue left relates to the $1,100 claimed by opponents. Everything is settled, except as to that amount, with the consent of all parties concerned.
“There" remains nothing to> be distributed, only so much of the $1,500 as necessary is to be paid if opponents recover judgment
“This court is without jurisdiction ratione materiae.”
In the case at bar the question is not what is the amount in dispute, but whether the dispute over the amount arose from a suit involving alimony or separation from bed and board.
We think we detect inconsistency in the argument of counsel for appellant. In order to avoid the effect of the provision in the United States Code against seizure of a seaman’s wages except where alimony is concerned, they maintain that the fee of the attorney whose services are necessary to obtain alimony must be considered as a claim incidental to a demand for alimony. This argument seems to us inconsistent with the contention which they make .on the question of our jurisdiction; that there is no longer any question of alimony involved and that all that now remains is the question of whether the fees of the attorneys should be paid.
We find ourselves unable to avoid the conclusion that the claim for attorT neys’ fees and the claim for costs arc matters which arose as a result of a suit for alimony and for separation from bed and board, and that consequently, because of the provisions of section 10, Article 7 of our Constitution, we have no jurisdiction ratione materiae.
It is ordered, adjudged and decreed that the appeal of defendant-appellant be and it is dismissed at his cost.
It is further ordered, adjudged and decreed that the appeal of plaintiff-appellant be transferred to the Supreme Court of Louisiana pursuant to law, LSA-R.S. 13:-4441, 13:4442, which transfer is to be effected within sixty days, and i'f such transfer should not be made within that time, then and in that event the appeal is to stand as though it had been dismissed. PlaintifLappellant is to pay all costs in this Court.
Appeal transferred to the Supreme Court of Louisiana,